IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG JETTER, | : | CIVIL ACTION |
|     *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| ROHM and HAAS | : | |
| CHEMICALS, LLC, | : | |
|     *Defendants.* | : | No. 08-1617 |

**M E M O R A N D U M**

PRATTER, J.                                                                                                                        JUNE 21, 2011

**INTRODUCTION**

      Plaintiff Craig Jetter, currently proceeding *pro se*, has sued his former employer, Rohm and Haas Chemicals ("Rohm and Haas"), alleging that Rohm and Haas discriminated against him based upon age and race, unlawfully terminated his employment in retaliation for his having filed administrative discrimination charges against Rohm and Haas, and also interfered with his rights under the Family Medical Leave Act ("FMLA").[1]

      Mr. Jetter was born in 1962. He is African American. His nine-count Complaint asserts racial discrimination claims under the Pennsylvania Human Relations Act ("PHRA"), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981; age discrimination claims under the PHRA and the Age Discrimination in Employment Act ("ADEA"); retaliation claims under the

---

[1] Mr. Jetter was represented by counsel when he filed his Complaint and when he was deposed in this matter. His attorneys later moved to withdraw from this case, and the Court granted their motion after holding a hearing on withdrawal and after counsel had represented Mr. Jetter in an settlement conference before a federal magistrate judge, which was unsuccessful.

PHRA, Title VII and the ADEA; and a single claim under the FMLA.[2]

Rohm and Haas has filed a Motion for Summary Judgment which would, if granted, dispose of the case in its entirety.[3] For the reasons set forth below, this Motion will be granted.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

**FACTUAL AND PROCEDURAL BACKGROUND**

For the purposes of this motion, the Court considers whether the record presents any genuine issues of material fact that would allow a reasonable jury to find for Mr. Jetter.[4] On that basis, the facts are as follows.

Mr. Jetter was hired by Rohm and Haas in 1988 as an entry-level technician. In 2002, after receiving a bachelor's degree in chemistry, Mr. Jetter was promoted to the position of

---

[2] Specifically, Counts I and II of Mr. Jetter's Complaint allege racial discrimination and retaliation under Title VII; Counts III and IV allege age discrimination and retaliation under the ADEA; Count V alleges racial discrimination under § 1981; Count VI presents an FMLA claim; and Counts VII-IX allege racial and age discrimination and retaliation under the PHRA.

[3] The Court held oral argument on the Motion for Summary Judgment after the withdrawal of Mr. Jetter's counsel, and although Mr. Jetter was given ample opportunity to file any written objection to the Motion in anticipation of the argument, he did not do so. Mr. Jetter did, however, participate in oral argument, and acquitted himself admirably in that proceeding.
  Consistent with its obligation to "liberally construe the filings of *pro se* litigants," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has liberally construed the arguments that Mr. Jetter presented on this Motion.

[4] *Miller v. Ind. Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). At this stage in the litigation, the Court draws all reasonable inferences and resolves conflicting evidence in favor of Mr. Jetter, and does not make credibility determinations. *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 267 (3d Cir. 2010).

laboratory scientist, the position that he held at the time of his 2007 termination.

Mr. Jetter alleges that during his tenure at Rohm and Haas, he was passed over for promotion on "numerous" occasions in favor of "less qualified, significantly younger white employees." He further alleges that Stephanie Bortko, who is white and was his supervisor from 2002 through the date of his termination, assigned him poor performance scores based upon "subjective standards" rather than his "objective" work performance. The record contains no unequivocal evidence of any particular instance in which Mr. Jetter was "passed over" for a promotion that was given to a similarly credentialed or experienced colleague who was younger or white. Likewise, the record does not contain evidence that Ms. Bortko ever mentioned Mr. Jetter's age or race, either in a review or in conversation. Indeed, Mr. Jetter could not say that any of his superiors at Rohm and Haas ever made any comments evincing age or racial bias.[5]

Mr. Jetter particularly objects to a review of his work that Ms. Bortko prepared in December of 2006, in which she gave him the lowest possible performance score. Mr. Jetter asserts that this review contained "numerous" factual errors regarding his work performance. On January 26, 2007, not long after he received this review, Mr. Jetter filed administrative charges against Rohm and Haas with the federal Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Rights Commission ("PHRC"), claiming that he had suffered age and race discrimination. Rohm and Haas terminated Mr. Jetter on February 13, 2007. On March 9, 2007, Mr. Jetter filed a second set of charges with the EEOC and PHRA, alleging that he had

---

[5] Mr. Jetter indicated in his Complaint that his supervisors made him feel like a "lawn jockey" – *i.e.*, a garden statue of a liveried servant in blackface – but he conceded at oral argument that this feeling did not derive from any event or incident where or when any of his superiors ever made any derogatory comments about African Americans.

been fired in retaliation for having filed the first set of administrative charges.

Although Mr. Jetter's Complaint asserts "upon information and belief" that Rohm and Haas was aware of Mr. Jetter's first set EEOC and PHRC charges when he was terminated, the record provides no evidence that this is the case. These allegations prompted targeted discovery. In his deposition and at oral argument, Mr. Jetter acknowledged that he did not tell anyone at Rohm and Haas that he was planning to file an EEOC or PHRA charge, nor did he inform anyone at Rohm and Haas of the filing after the charges had been filed but before he was terminated. While the EEOC sent Rohm and Haas written notice of Mr. Jetter's first charge in a letter dated February 12, 2007, the record suggests that this letter was not received by Rohm and Haas until at least a week *after* Mr. Jetter's termination.[6] In addition, Ms. Bortko, the Rohm and Haas employee who was most directly responsible for Mr. Jetter's termination, has averred in an affidavit that she did not learn about the first set of administrative charges until several weeks after Mr. Jetter left the company.

The Complaint also contains a separate claim regarding an instance in 2005 in which Mr. Jetter allegedly asked his department manager, Jeremy Venter, about his eligibility for leave under the FMLA. Mr. Venter told Mr. Jetter that he was not eligible for such leave.

---

[6] The EEOC letter, which is in the record, was directed to Kara Gordon, an attorney in the Rohm and Haas Law Department, and features a stamp indicating that it was received by the Law Department on February 21, 2007.

The record also contains an affidavit from an administrative assistant who was assigned to Ms. Gordon during this time, in which the assistant asserts that (1) per Ms. Gordon's instructions, she marked all incoming mail with such a stamp on the date of its receipt; and (2) the stamp on the EEOC letter is the same date stamp that she would have used in 2007.

SUMMARY JUDGMENT STANDARD

Upon the motion of a party, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Summary judgment may be granted only if the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller*, 843 F.2d at 143. An issue is "genuine" if a reasonable jury could possibly hold in the nonmovant's favor with regard to that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

DISCUSSION

Rohm and Haas argues that the record presents no genuine issues of material fact as to Mr. Jetter's claims of age and race discrimination; that Mr. Jetter's retaliation claims fail because there is no evidence that Rohm and Haas was aware of his pre-termination administrative charges when he was terminated; and that his FMLA claim is time-barred.

The Court will address each of these arguments in turn.

I. **Age and Racial Discrimination**

Mr. Jetter asserts age discrimination claims under the PHRA and ADEA and racial discrimination claims under Title VII, § 1981 and the PHRA. Given that the record does not

5

contain any direct evidence of discrimination, the familiar *McDonnell-Douglas* burden-shifting analysis applies to each of these claims.[7]

The *McDonnell-Douglas* analysis proceeds as follows: (1) the plaintiff has the initial burden of establishing the *prima facie* elements of his discrimination claim; (2) if the *prima facie* elements are established, then the employer need only articulate a legitimate, non-discriminatory reason for the adverse employment action; and (3) if the employer does so, then the plaintiff must establish that the employer's articulated reason for taking the adverse action was actually pretext for unlawful discrimination. *McDonnell-Douglas*, 411 U.S. at 802-804.[8]

### A. *The Prima Facie Elements*

Mr. Jetter is a member of protected classes as a result of his age and race, and has suffered an adverse employment action. Thus, he has made out the first two elements of a *prima facie* discrimination claim. The additional elements of a *prima facie* discrimination-in-promotion claim are that Mr. Jetter sought a position for which he was qualified; that he was rejected; and that after he was rejected, his employer continued to seek applications from other similarly-qualified applicants. *McDonnell Douglas*, 411 U.S. at 802; *Bates v. Tandy*, 186 Fed.

---

[7] *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) (applying the Title VII analysis in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973) to discrimination claims presented under § 1981 and the PHRA); *Simpson v. Kay Jewelers*, 142 F.3d 639, 643 and 643 n.4 (3d Cir. 1998) (applying *McDonnell-Douglas* analysis to PHRA and ADEA claims); *see also Smith v. City of Allentown*, 589 F.3d 684 (3d Cir. 2009) (balance-shifting can still be used in ADEA cases after *Gross v. FBL Financial Services, Inc.* 129 S. Ct. 2343 (2009), but it is now clear that a plaintiff asserting an ADEA claim has the burden to prove "but for" causation).

[8] Because the ultimate issue is whether "discriminatory animus" motivated the employer, it is not enough for the plaintiff to show that the employer simply made a wrong or mistaken decision. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

Appx. 288, 293 (3d Cir. 2006); *Fuentes*, 32 F.3d at 763. The additional requirement of a *prima facie* discrimination-in-termination claim is evidence that some similarly-situated employee who was younger than Mr. Jetter, or who was of a different race, was not terminated; or that Mr. Jetter was replaced by an employee sufficiently younger to create an inference of age discrimination, or one of a different race. *Smith*, 589 F.3d at 689; *Simpson*, 142 F.3d at 644 n.5.

It does not appear that Mr. Jetter has set forth a *prima facie* case of discrimination in promotion, because the record does not make clear that Mr. Jetter actively sought any particular open position for which he was actually qualified, or that he was rejected after applying for such a position and the position was held open while Rohm and Haas sought other, similarly-qualified applicants.[9] Nor is it evident from the record that Mr. Jetter has set forth a *prima facie* case of discrimination in termination, because the record does not illustrate that similarly-situated non-African-American or younger employees within his work section were retained while he was discharged, nor is there any evidence that Mr. Jetter was replaced at Rohm and Haas by a younger employee an employee of a different race.[10]

Nevertheless, the Court will proceed to the second stage of the *McDonnell-Douglas* analysis, and evaluate whether Rohm and Haas has provided legitimate and non-discriminatory

---

[9] Indeed, Rohm and Haas cites evidence that it promoted at least one similarly-placed African American employee (albeit an employee who was younger than Mr. Jetter), and provided a lower performance review to at least one white employee in Mr. Jetter's position.

[10] The Court need not address Rohm and Haas' theory that Mr. Jetter failed to exhaust his discrimination-in-termination claims prior to filing suit. The gist of this argument is that because Mr. Jetter failed to mention discrimination in his post-termination EEOC and PHRC charges, and only mentioned retaliation, he should be barred from asserting discrimination claims relating to his termination, because these might fall outside the scope of each of his two sets of administrative charges. *See Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996).

reasons for failing to promote Mr. Jetter, as well as for his termination.

**B.** *Pretext*

In *Fuentes*, the Court of Appeals addressed the type of evidence that a plaintiff must present in order to satisfy the pretext prong of the *McDonnell-Douglas* analysis in this context:

> To defeat summary judgment when the defendant answers the plaintiff's *prima facie* case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

*Fuentes*, 32 F.3d at 764.[11]

In order to discredit an employer's proffered reason, the plaintiff must do more than "simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Id.* at 765. Thus, even if the Court were to accept Mr. Jetter's earnest critique of the accuracy and fairness of Ms. Bortko's negative reviews of his work performance, the Court's role in a case such as this one is not to determine whether Rohm and Haas was justified in rating Mr. Jetter's performance as poor, or whether it used the best set of evaluative criteria, but only whether there is actual evidence of discriminatory animus. *See, e.g.,*

---

[11] As noted at fn. 7, *supra*, the Supreme Court has held that an ADEA plaintiff must show that "age was the 'but-for' cause of the challenged employer's decision," not merely that it was "more likely than not a motivating or determinative cause of the employer's action." *Gross*, 129 S. Ct. at 2351. The difference between these two standards is academic here, as the record would support summary judgment under either claim.

*Simpson*, 142 F.3d at 647 (the focus must be on "the particular criteria or qualifications *identified by the employer* as the reason for the adverse action" (emphasis added)).

Whether or not Rohm and Haas always evaluated Mr. Jetter's performance fairly and accurately, it has provided evidence, in the form of detailed and critical performance reviews, that Mr. Jetter's supervisors had expressed concerns about his demeanor and the consistency of his work long prior to his termination – and also provided him with clear warnings regarding his performance, which it claims were not heeded; and performance targets, which it claims were not met.[12] A perception that an employee has performed poorly in his assigned role is a legitimate basis for his termination, and the record here, including Mr. Jetter's deposition, does not offer any concrete basis upon which a fact-finder could reasonably determine that Rohm and Haas' plausible articulated reason for its adverse employment actions was pretextual, or that it is more likely than not that the company was motivated by invidious discriminatory intent. Thus, the Motion for Summary Judgment will be granted as to Mr. Jetter's claims of discrimination.[13]

---

[12] These reviews plausibly suggest that Mr. Jetter's superiors and colleagues expressed concerns about his technical skills, his ability to meet deadlines, and his ability to manage conflict. Evaluating these reviews in the context of the record as a whole, the Court can find no "weaknesses, implausibilities, inconsistencies, incoherencies or contradictions" in Rohm and Haas's claim that its evaluation of Mr. Jetter's performance was the basis for his termination, as well as the reason why he was not promoted after 2002. *Fuentes*, 32 F.3d at 764-65.

Evidence that Rohm and Haas was troubled by aspects of Mr. Jetter's work performance appears in reviews from as early as 2002, after his promotion to scientist, although his evaluations grew increasingly critical after 2005 and were most sharply critical in the months immediately prior to his termination. As a result, this case can be distinguished from cases such as *Brewer v. Quaker State*, 72 F.3d 326 (3d Cir. 1995), in which courts have found evidence of pretext where an employer claims to have terminated an employee based upon performance or personality problems that it had in fact recognized and tolerated for many years.

[13] This case is similar to *Rouse v. II-VI Inc.*, 2009 U.S. App. LEXIS 10506 (3d Cir. May 14, 2009) (non-precedential opinion), in which the Court of Appeals held that the plaintiff, a scientist who alleged that he had been terminated due to his age and his race, had failed to adduce sufficient evidence that his employer's articulated justification of substandard work performance

**II.     Retaliation**

Mr. Jetter has asserted retaliation claims under the PHRA, Title VII and the ADEA.  In order to make out a retaliation claim, a plaintiff must show, at a minimum, that he engaged in a protected activity – such as the filing of an administrative charge – and that there was a causal connection between this activity and his employer's allegedly retaliatory employment action. This means that there must be evidence in the record that the relevant decision makers were in fact aware of the protected activity when they performed the challenged action.  *Jones,* 198 F.3d at 415; *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 505 (3d Cir. 1997).

Mr. Jetter filed his administrative charges against Rohm and Haas with the EEOC and PHRC on January 26, 2007, and he was terminated on February 13 of the same year.  However, there is no evidence in the record that any relevant decision maker at Rohm and Haas was aware of Mr. Jetter's charges until after he had left the company.  Mr. Jetter himself has conceded, both in his deposition and at oral argument, that he cannot recall telling anyone at Rohm and Haas that he planned to file the charges, or that he had filed them.  Ms. Bortko, Mr. Jetter's supervisor, who was the primary mover in Mr. Jetter's termination, has testified that she never learned of charges until weeks after Mr. Jetter's termination.  And finally, Rohm and Haas has provided evidence suggesting that although the EEOC sent Rohm and Haas a formal notification letter regarding Mr. Jetter's charge dated February 12, 2007, the company did not receive this letter

---

was implausible or pretextual.
    The Court observed that the plaintiff's deposition testimony failed to satisfy his burden under *Fuentes*, because while he maintained that critical evaluation of his performance was unjustified, he had supplied no evidence for this belief beyond his own subjective opinion, and "did not contend that any of the individual defendants [including his supervisors] ever made a comment which led him to believe that they harbored animus based on race or age, and he had no evidence that white or younger scientists with similar histories were treated preferentially."

10

until February 21, a full week after Mr. Jetter's departure.

Given that there is no evidence in the record to show that relevant decision makers at Rohm and Haas were aware of Mr. Jetter's protected activity when he was terminated, there is no genuine issue of material fact as to Mr. Jetter's retaliation claims, and no basis for these claims.

### III. The Family Medical Leave Act

The statute of limitations for FMLA claims is generally two years. 29 U.S.C. §2617(c)(1). This is extended to three years where an employer commits a "willful" violation. 29 U.S.C. §2617(c)(2). Willfulness is not defined in the FMLA itself, but courts have held that in order to establish a willful violation, the plaintiff must show that his employer either knew or showed a reckless disregard for the matter of whether its conduct was prohibited. *See, e.g., Caucci v. Prison Health Services*, 153 F. Supp. 2d 605, 609 (E.D. Pa. 2001) (*citing McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)); *see also Hillstrom v. Best Western TLC Hotel*, 354 F.3d 27, 33 (1st Cir. 2003); *Bass v. Potter*, 522 F.3d 1098, 1103 (10th Cir. 2008).

The sole basis for Mr. Jetter's FMLA claim is that Mr. Venter, his department manager, informed him that he was ineligible for FMLA leave at some point in the spring of 2005. Mr. Jetter filed his Complaint on April 4, 2008. Because the record does not contain evidence that Mr. Ventner knew or showed reckless disregard for whether his conduct was prohibited by the FMLA, the extra year for the limitations period is unavailable to Mr. Jetter, and his FMLA claim is barred by the two-year statute of limitations.[14]

---

[14] In fact, the record contains no evidence upon which the Court could conclude that Mr. Venter or any other Rohm and Haas employee violated the FMLA at all.

CONCLUSION

Even assuming that Mr. Jetter set forth a *prima facie* claim of age and race discrimination, the record contains no evidence that would reasonably permit a finder of fact to reject the legitimate justification that Rohm and Haas has provided for its actions in regard to Mr. Jetter, or to conclude that Rohm and Haas was likely motivated by invidious age- or race-related animus. In addition, the record does not support Mr. Jetter's retaliation claims, because there is no evidence that Rohm and Haas was aware of his first set of EEOC and PHRC charges when he was terminated. Finally, Mr. Jetter's FMLA claim was filed outside of the applicable statute of limitations – and is not, at any rate, supported by evidence in the record.

As a result, the Motion for Summary Judgment will be granted as to Counts I-IX of the Complaint. An Order to this effect follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE